ENTERED
DEC 27 2006
KRW

FILED
DEC 27 2006

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| IN RE: | C/A No. 06-04190-JW |
|---|---|
| Valeria Rhudine Etheridge, | Chapter 13 |
| Debtor. | **ORDER** |

This matter comes before the Court on the chapter 13 trustee's ("Trustee") objection to Valeria Rhudine Etheridge's ("Debtor") proposed chapter 13 plan. Trustee opposes confirmation of Debtor's proposed plan pursuant to 11 U.S.C. § 1325(b)(1)[1] on grounds that the plan lacks feasibility. Pursuant to Fed. R. Bankr. P. 3015 and SC LBR 3015-1 and Fed. R. Civ. P. 52, made applicable to this proceeding by Fed. R. Bankr. P. 7052, the Court makes the following Findings of Fact and Conclusions of Law.[2]

## FINDINGS OF FACT

1. On September 25, 2006, Debtor filed a voluntary petition for relief under chapter 13 of the Bankruptcy Code, as revised by the Bankruptcy Abuse and Consumer Protection Act of 2005 ("Reform Act"). See Pub L. No. 109-8 (2005) (codified in scattered sections of 11 U.S.C.). William K. Stephenson was appointed to serve as Trustee for Debtor.

2. Debtor's annualized current monthly income is $12,396.00. The South Carolina median income for a one member household is $33,476.00. Debtor's income falls below the median.

---

[1]    Future references to the Bankruptcy Code shall be made by section number only.
[2]    To the extent any of the following Findings of Fact constitute Conclusions of Law, they are adopted as such, and to the extent any Conclusions of Law constitute Findings of Fact, they are also adopted as such.

3. Debtor receives Veterans Administration income of $1,033.00 per month. The Debtor testified that she anticipates an increase in her income from the receipt of Social Security Disability income in the future.

4. Debtor reports current monthly expenses of $1,432.00, including a mortgage payment of $310.00.

5. Debtor proposes plan payments of $325.00 for 60 months.

6. The Trustee objects to the plan, stating that the net income of $1,033.00 per month less expenses and plan payment yields a monthly payment deficit of $724.00.

7. Debtor testified that she has receives additional income from relatives living in her home. She stated that her daughter and her daughter's husband contribute a total of $200 per month and also contribute to the household expenses. She further testified that her daughter's father (the "Father") also lives in her home and contributes $600.00 per month from his Social Security Disability income.

8. Debtor testified that she anticipates that this additional income will continue because the Father has no other housing arrangements and needs her to care for him. She also stated that she anticipates that she will continue to receive the $200.00 from her daughter and her husband for a considerable period of time because they are saving up to buy a house.

9. As of date of the hearing on confirmation, Debtor has made all payments due under her chapter 13 plan.

## CONCLUSIONS OF LAW

Section 109(e) restricts chapter 13 relief to "individual[s] with regular income." 11 U.S.C. § 109(e)(West 2006).[3] Section 101(30) defines an individual with regular income as one "whose income is sufficiently stable and regular to enable such individual to make payments

---

[3] Further references to the Bankruptcy Code shall be by section number only.

2

under a plan under chapter 13." Section 1325(a)(6) requires Debtor to demonstrate that she will be able to make all payments and otherwise comply with the plan before the plan can be confirmed.

Debtor's Veteran's Administration income is stable and regular, but is insufficient to cover her recurring monthly expenses or allow her to make any plan payments whatsoever. Neither §101(30) nor §1325 would be satisfied. The feasibility of the plan is thus wholly dependent on the contributions from Debtor's daughter, son-in-law, and the Father, totaling $800.00 per month.

This Court has previously concluded that feasibility cannot be satisfied by gratuitous or volunteered contributions by nondebtor third parties. In re Williams, No. 97-08824-W, 1998 WL 2016786 (Bankr. D.S.C. Jan. 13, 1998). However, "[s]uch contributions may be considered where there is evidence demonstrating that the contributing third-party is legally obligated to make certain contributions to debtors or there is evidence of regular reliable contributions in the past." In re Bigby, No. 05-45006-JW, slip op. at 3-4 (Bankr. D.S.C. Dec. 7, 2005)(citing cases).

In this case, Debtor testified that the Father would continue to make the $600.00 payment to her a month because he was disabled and had "nowhere else to go." It appears from Debtor's testimony that due to his medical condition, the Father is dependent upon her for his care and thus it is unlikely that he will cease cohabitating with Debtor. The Father's Social Security income also appears to be stable and regular, so it appears likely that the Father would be able to continuously contribute $600.00 to Debtor to help her fund her plan. Debtor also testified that her daughter and son-in-law's contribution would continue because they are living with her in order to save money to buy a house. The daughter appeared at the hearing to corroborate

3

Debtor's testimony. Their contributions appear to be motivated by self-interest rather than mere generosity.

Considering the totality of the circumstances, the Court finds Debtor's income from all these sources is sufficiently stable and reliable, and therefore Debtor has met her burden of proof as to the feasibility of her proposed plan in compliance with § 1325(a)(6).

For the foregoing reasons, it is hereby

ORDERED that confirmation is approved and the Trustee's objection to confirmation is denied.

**AND IT IS SO ORDERED.**

_____
UNITED STATES BANKRUPTCY JUDGE

Columbia, South Carolina
December 27, 2006